Note changes made by the Court at ¶ 33.

MANCINI SHENK LLP
  Michael V. Mancini (SBN 263799)
  mmancini@mancinishenk.com
  John W. Shenk (SBN 261573)
  jshenk@mancinishenk.com
  Peter J. Most (SBN 143963)
  pmost@mancinishenk.com
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: (424) 652-4000
Facsimile: (424) 652-4004

Attorneys for Defendant
WK-SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BV TECHNOLOGIES, INC., a California corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>WK-SYSTEMS, INC., a Delaware corporation;<br><br>          Defendant. | Case No. 8:26-cv-01419 FWS (KESx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br> Judge: Hon. Fred W. Slaughter<br>Ctrm:  10D, 10th Floor |

MANCINI SHENK

Plaintiff BV Technologies, Inc. ("BVT") and Defendant WK-Systems, Inc. ("WKS"), by and through their respective counsel of record, hereby stipulate and agree as follows:

## PURPOSES AND LIMITATIONS

1.      Discovery in this action will involve disclosure of trade secrets and other confidential and proprietary business, technical and commercial information. The parties therefore enter this stipulation and jointly propose that the Court enter it as an Order to protect against unauthorized disclosure of such information and to ensure that such information will be used only for purposes of this action.  This Order shall govern all information (whether in writing, in electronically readable form, or otherwise), interrogatory answers, responses to requests for admissions, documents produced in response to requests for production or otherwise, deposition testimony (including but not limited to all copies, excerpts, and summaries thereof or materials derived therefrom), and all other material and information produced or used during the pendency of this action, in the course of pretrial discovery and other proceedings in this action, and any motions, briefs, or other filings incorporating such information (collectively, "Discovery Material").

## GOOD CAUSE

2.      This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and

1      Case No.8:26-cv-01419FWS(KESx)

STIPULATED PROTECTIVE ORDER

from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, proprietary designs, confidential financial information, confidential pricing information, information regarding confidential business practices, and other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

STIPULATED PROTECTIVE ORDER

## APPLICABILITY

3.     The provisions of this Order shall apply to (i) the parties currently named or later joined in this action, including, in the case of parties other than individuals, their officers, directors, employees, and agents, and (ii) any other person or entity who produces Discovery Material in this action or agrees to be bound by the terms of this Order.

## DESIGNATION OF MATERIALS

4.     The parties may designate Discovery Material as "Confidential" when counsel in good faith believes (1) secrecy as to the information is in the public interest; (2) that the party designating the information as "Confidential" has a cognizable interest in the material, i.e., the material constitutes or reveals a trade secret, privileged information, other confidential research, development, or commercial information or is otherwise protected by law from disclosure; (3) that the disclosure of the information would cause serious harm.  All Confidential Discovery Material shall be stamped or otherwise plainly designated "Confidential," "CONFIDENTIAL" or a substantially similar legend at the time of their production to obtain the protections set forth herein.  If Discovery Material was stamped or otherwise plainly designated "Confidential" in the original, such Discovery Material shall be treated under this Order as though the producing party had so designated it.

STIPULATED PROTECTIVE ORDER

MANCINI SHENK

5.     The parties may designate Discovery Material as "Confidential – Attorneys' Eyes Only," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or a substantially similar legend at the time of their production when counsel in good faith believes such material contains a trade secret or other confidential research, development or highly sensitive commercial information which should otherwise be subject to "Attorneys' Eyes Only" treatment (such as documents reflecting, containing, or derived from financial information, marketing information, strategic planning, scientific information or know-how).  Hereafter, the term "Confidential Discovery Materials" shall be used to refer to materials that have either been designated "Confidential" pursuant to Paragraph 4 or "Confidential-Attorneys' Eyes Only" pursuant to Paragraph 5.

6.     It shall be the duty of the party or third party who seeks to invoke the protections of this Order to give notice, in the manner set forth hereinafter, of the Confidential Discovery Materials to be covered hereby.  Except as provided for below, the duty of the other parties and all other persons bound by this Order to maintain confidentiality hereunder shall commence upon the receipt of such notice.

**DISCLOSURE**

7.     Except with the prior consent of the producing party or upon prior order of a court of competent jurisdiction, Confidential Discovery Materials shall not be disclosed except in accordance with the terms of this Order.  A non-producing party shall not, except with the prior consent of the producing party or by

4       Case No.8:26-cv-01419FWS(KESx)

STIPULATED PROTECTIVE ORDER

order of the Court, use Discovery Material, including Confidential Discovery Materials, for any purpose (including, without limitation, any business or commercial purpose) other than for the purpose of preparing for and conducting the litigation of this action, including any appeals.  Disclosure of any Confidential Discovery Materials shall be limited to the extent reasonably necessary for the prosecution or defense of the claims in this action, including any appeals.

### DISCOVERY MATERIAL DESIGNATED "CONFIDENTIAL"

8.    Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material designated "Confidential" pursuant to ¶ 4 above shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons who already have seen or received such "Confidential" material and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

a. The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

b. Counsel for the parties in this action, whether counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of this action;

c.  Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action, provided that the requirements of ¶11 below have been met;

d.  Employees of the parties who have a need to receive disclosure of such material in connection with the prosecution, defense, and/or appeal of this action;

e.  Any person who is scheduled to testify as a witness either at a deposition or a court proceeding in this action for the purpose of assisting in the preparation or examination of the witness; and

f.  Any insurers involved in the defense or prosecution of any claims in this action.

**DISCOVERY MATERIAL DESIGNATED**

**"CONFIDENTIAL – ATTORNEYS' EYES ONLY"**

9.  Except with the prior consent of the producing party or upon prior order of this Court, Discovery Material designated "Confidential – Attorneys' Eyes Only" pursuant to ¶ 5 above shall not be disclosed directly or indirectly by the person receiving such material to persons other than (i) persons who already have seen or received such "Confidential – Attorneys' Eyes Only" material and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of this action:

STIPULATED PROTECTIVE ORDER

a. The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom;

b. Counsel for the parties in this action, whether counsel of record, including associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of this action;

c. Independent experts and consultants retained or employed by counsel in connection with the prosecution, defense, and/or appeal of this action, including their secretarial and clerical employees who are assisting in the prosecution, defense, and/or appeal of this action, provided that the requirements of ¶11 below have been met. No disclosure of "Confidential – Attorneys' Eyes Only" materials may be made to such person until 10 days after his or her identity (i.e., name, current employer, and title – hereafter "Identity") is revealed to all parties to the action and all designating third parties. If, within this 10-day period, any such party objects to the proposed disclosure and seeks appropriate relief from the Court, no disclosure of "Confidential – Attorneys' Eyes Only" materials may be made to such person until after the Court resolves the dispute;

d. Any person who is scheduled to testify as a witness either at a deposition or a court proceeding in this action for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of ¶11 below have been met. No disclosure of "Confidential – Attorneys' Eyes Only" materials may be made to

STIPULATED PROTECTIVE ORDER

MANCINI SHENK

such person until 10 days after his or her Identity is revealed to all other parties to the action and all designating third parties and the party that wishes to show such materials to the person identifies the particular materials that the party wishes to reveal.  If, within this 10-day period, any such party objects to the proposed disclosure and seeks appropriate relief from the Court, no disclosure of "Confidential – Attorneys' Eyes Only" materials that are the subject of the objection may be made to such person until after the Court resolves the dispute.  The deposition or court proceeding at which such person was scheduled to testify as a witness shall be postponed until such time as the Court resolves the dispute;

e.  One in-house lawyer, and if the party does not employ in-house lawyers, one management representative, designated by each party, provided that the requirements of ¶ 11 below have been met.  Any party that seeks to disclose "Confidential – Attorneys' Eyes Only" materials under this subsection must first identify to all parties to the action and all designating third parties the name, current employer, and title of the person to whom such disclosure is sought. No disclosure of "Confidential – Attorneys' Eyes Only" materials may be made to such person until 10 days after his or her identity is so revealed.  If, within this 10-day period, any such  party objects to the proposed disclosure and seeks appropriate relief from the Court, no disclosure of "Confidential – Attorneys' Eyes Only" materials may be made to such person until after the Court resolves the dispute; and

f.  Any insurers involved in the defense or prosecution of any claims in this action.

8        Case No.8:26-cv-01419FWS(KESx)

STIPULATED PROTECTIVE ORDER

MANCINI SHENK

## THIRD PARTY CONFIDENTIAL DISCOVERY MATERIAL

10.    Any third party who produces Discovery Material in this action and who agrees to be bound by the terms of this Order (referred to herein, as with each party to this action, as a "producing party") may designate Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" if counsel for the third party in good faith believes that such Discovery Material reveals a trade secret or other confidential research, development, or commercial information, and that the material so designated fits within the definition set forth in ¶¶ 4 or 5 above. Disclosure of such material shall be limited as set forth in ¶¶ 8 or 9, as appropriate. Discovery Material designated by a third party as "Confidential," "CONFIDENTIAL," "Confidential – Attorneys' Eyes Only" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is encompassed by the term "Confidential Discovery Materials" as used in this Order.

## DECLARATIONS

11.    Any person who is given access to Confidential Discovery Materials pursuant to ¶¶8(c)-(e), 9(c)-(e) shall, prior to being given any such material, be given a copy of this Order, read this Order, and execute a sworn declaration, in the form annexed hereto as Exhibit A, indicating that he or she has read this Order and will abide by its terms.  The original of such sworn statements shall be retained by counsel for each party who intends to or does provide such persons any such material, until the conclusion of this action, including any appeals.  If requested to

9    Case No.8:26-cv-01419FWS(KESx)
STIPULATED PROTECTIVE ORDER

do so by counsel for any party, counsel shall provide a copy of such declarations to counsel making the request.  The parties agree not to use these declarations for any purpose other than monitoring and enforcing compliance with this Order.  The parties further agree to treat the declarations as "Confidential" material within the meaning of this Order.

## NON-DISCLOSURE

12.     Any person receiving Confidential Discovery Materials shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Discovery Materials are disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and remedies of any party, make a reasonably good faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such information.

13.     If a subpoena issued in connection with any other litigation calls or arguably calls for the production by the recipient of the subpoena ("Recipient") of Confidential Discovery Materials produced to Recipient by any other person in this action, then the Recipient shall:

   a.  be obligated, within 72 hours of the Recipient's receipt of the subpoena, to provide notice of the subpoena to the party who or

STIPULATED PROTECTIVE ORDER

which produced the Confidential Discovery Materials to the Recipient; and

b.  be obligated to provide the producing party a reasonable opportunity to seek protection by a motion to quash or otherwise, and to withhold responsive materials subject to the determination of such motion; and

c.  be obligated, within 72 hours of the Recipient's receipt of any such motion to compel or other motion or proceeding, to provide notice to the party who or which produced the Confidential Discovery Materials to the Recipient of the pendency of any such motion or proceeding, and be obligated to support any motion to intervene that might be made by the producing party if such a motion is necessary for the purpose of such party being heard on such motion or in such proceeding, and be obligated not to join in or support the position in such motion or proceeding of the party serving the subpoena.

## DESIGNATION OF DISCOVERY MATERIAL BY PARTY OR WITNESS

14.  Any producing party shall designate Confidential Discovery Materials at the time of its production by marking any originals or copies of the documents or other tangible materials (e.g., on the diskettes, tape reels, or other receptacle containing electronic media) with the legend "Confidential," "CONFIDENTIAL," "Confidential – Attorneys' Eyes Only" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or a substantially similar legend at the time of their production.

Case No.8:26-cv-01419FWS(KESx)
STIPULATED PROTECTIVE ORDER

MANCINI SHENK

## INITIAL DESIGNATION AS ATTORNEYS' EYE ONLY

15.     All discovery that is obtained from newly added parties or non-parties pursuant to subpoena shall be treated as "Confidential –Attorneys' Eyes Only" for 5 days after the date on which the last party receives it or was permitted to obtain a copy.  Within this 5-day period, any party may designate such discovery "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" consistent with this Order if in good faith counsel believes such designation is warranted as set forth herein.  This provision shall not apply to deposition transcripts, for which Paragraph 16 governs.

## DESIGNATION OF DEPOSITION TESTIMONY

16.     Any party may designate all or a portion of a witness' deposition testimony as "Confidential" or "Confidential-Attorneys' Eyes Only" by making an appropriate statement on the record during the deposition as to the portions of the testimony being so designated or to the entirety of the transcript.  In addition, any party shall have ten (10) days from the date of receipt of a copy of the deposition of a witness to designate all or a portion of the witness' testimony as "Confidential" or "Confidential-Attorneys' Eyes Only."  From the time a witness testifies until the end of such ten-day period, all information disclosed in that witness' testimony shall be deemed to have been designated "Confidential" under the terms of this Order.  After the ten days have expired, any testimony not designated as either "Confidential" or "Confidential-Attorneys' Eyes Only" shall no longer be deemed

MS
MANCINI SHENK

Confidential Discovery Materials, subject, however, to the provisions of ¶ 26 below. Such designation of testimony as "Confidential" shall be made after transcription by sending written notice identifying the information to be so designated by page and line numbers to counsel of record and the witness within the ten-day period.

## DEPOSITION PROCEDURES

17.     When Confidential Discovery Materials are offered into evidence, any party or deponent shall have the right to exclude from attendance at a deposition any person other than the reporter, deponent, the deponent's counsel, and persons described in ¶¶ 8(a)-(e) or 9(a)-(e).

18.     At any deposition session, when counsel for a party or witness deems that the answer to a question will result in the disclosure of Confidential Discovery Materials, counsel shall have the option to request that all persons other than the reporter, counsel, and individuals specified in ¶¶ 8 or 9 hereof who have access to such Confidential Discovery Materials leave the deposition room during the confidential portion of the deposition.  The failure of such other persons to comply with such requests shall constitute substantial justification for counsel for the deponent to advise the witness that he need not answer the question.

## NONCONFIDENTIAL INFORMATION

19.     Discovery Material shall not be Confidential Discovery Materials if the content or substance thereof:

STIPULATED PROTECTIVE ORDER

MANCINI SHENK

a.  is already in the public domain at the time of disclosure, including but not limited to newspaper, trade publication, magazine article, or press release;

b.  becomes part of the public domain at any time, unless because of (i) action or failure to act, where there is a duty to act, on the part of the receiving party, or (ii) any malefaction or breach of duty by any third party, or (iii) any violation of this Order, or

c.  is made available to the receiving party by a third party who obtained the same by legal means and without any obligation of confidence to the disclosing party.

## DISPUTES

20.    Subject to L.R. 37 and the Magistrate Judge's Standing Order, any party may object to the designation of particular Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" by giving written notice to the producing party making that designation and to all other parties.  Such notice shall identify with specificity the Discovery Material or the category of information described in ¶ 4 to which the objection is directed and the basis of the objection.  If the producing party or any other party disputes the challenge to the designation of the Discovery Material or the category of information described in ¶¶ 4 or 5 and such dispute cannot be resolved within five (5) business days of receipt of such notice and after the parties have in good faith met and conferred concerning the dispute within such period, the party challenging the designation may raise the matter with the Court.  If the party challenging the designation seeks relief from the

STIPULATED PROTECTIVE ORDER

Court, the disputed Discovery Material shall be treated as originally designated pending a ruling from the Court.  If the challenging party does not seek relief from the Court or the producing party does not agree to re-designate the Discovery Material within the period set forth above, the disputed Discovery Material shall be treated as originally designated.  In any proceeding under this paragraph, the designating party shall have the burden of proof that the challenged Discovery Material is entitled to the protection of the designation of "Confidential" or "Confidential – Attorneys' Eyes Only."  If the designation is voluntarily or involuntarily removed or successfully challenged, the producing party shall re-produce the material without the designation.

## COURT FILINGS

21.     This Order does not, by itself, authorize the filing of any material under seal.  A designation of Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" does not entitle a party to file that material under seal; any party seeking to file Discovery Material under seal must comply with Local Rule 79-5 and make the showing required by the applicable legal standard governing public access to judicial records.  Any party who wants to file under seal any information designated as "CONFIDENTIAL" pursuant to the Protective Order for non-discovery motions or other non-discovery matters must file a noticed motion for an order sealing the information pursuant to the procedures set forth in Local Rule 79-5.  If the party who wants to file the "CONFIDENTIAL" information is not

MANCINI SHENK

the party that designated the information as "CONFIDENTIAL," the party who wants to file the "CONFIDENTIAL" information shall give the party who made the designation reasonable notice so that the designating party may seek an order sealing the information.)  For the filing of discovery motions or other discovery matters not subject to Rules of Court, the party shall proceed pursuant to Local Rules 79-5, 79-6, and 79-7.

22.    If any Confidential Discovery Materials are used in any court proceeding in this action or any appeal therefrom, they shall not lose their "Confidential" status through such use, and the parties shall take all steps reasonably required to protect their confidentiality during such use.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of information used during any court proceedings or appeal.  Nothing in this Order shall be construed to impair or prejudice the right to trial by jury.

## TRIAL PREPARATION

23.    This Order shall not bar or otherwise restrict counsel from rendering legal advice to a client with respect to this litigation, and, in the course thereof, relying generally upon examination of Confidential Discovery Materials; provided, however, that in rendering such advice and in otherwise communicating with a client, counsel shall not disclose the substance, content, or source of such information or documents contrary to the terms of this Order.

## RETURN OF DISCOVERY MATERIAL

24.     All provisions of this Order restricting the use of information obtained during discovery or otherwise shall continue to be binding after the conclusion of this action, unless the Order is modified pursuant to ¶31 below.  Except as otherwise required by law, any and all originals and copies of documents or other information produced in this litigation, whether or not designated as "Confidential," shall, at the request and expense of the producing party, be returned to that party or destroyed (except to the extent such Confidential Discovery Material is maintained on electronic media, and cannot be returned, in which case such Confidential Discovery Material shall be erased or otherwise destroyed) within ninety (90) days after a final, non-appealable judgment is entered herein with respect to all parties or this action is settled with respect to all parties, except that outside counsel of record for each party may maintain in his files one copy of each pleading or other paper filed with the Court.  Any analyses, memoranda, or notes (excluding indices that do not summarize the substance of Confidential Discovery Materials) which were internally generated based upon Confidential Discovery Materials shall be destroyed.  If documents are returned to or destroyed at the request of the producing party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

STIPULATED PROTECTIVE ORDER

## NO WAIVER

25.     Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object hereto shall be construed as a waiver of any claim or defense in this action.  This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery (except based on the need for a protective order) and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought during discovery.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action.  Nothing contained in this Order, or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an "admission" by a party opponent or in any other substantive manner.  The failure of a party to object to or to challenge a designation of Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute an admission that the materials so designated are in fact confidential, are trade secrets, or other confidential research, development, or commercial information, or are entitled to any legal protection.

## INADVERTENT FAILURE TO DESIGNATE

26.     Inadvertent failure to designate materials as Confidential Discovery Materials at the time of production pursuant to this Order may be remedied by supplemental written notice given by the producing party.  Upon receipt of such notification, all documents, materials, or testimony so designated or redesignated

STIPULATED PROTECTIVE ORDER

shall be fully subject to this Order as if it had been initially so designated, provided, however, that the receiving party shall incur no liability for any previous treatment of such information in conformance with its original designation.  The party receiving such notice shall make a reasonably good faith effort to ensure that any analyses, memoranda or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or redesignation.  Notwithstanding the foregoing, no producing party may designate or redesignate materials under this Order later than ninety (90) days after the materials were produced to an opposing party pursuant to this Order.

## INADVERTENT PRODUCTION

27.     Pursuant to Federal Rule of Evidence 502(d), the production of any document or information protected by the attorney-client privilege or the work-product doctrine, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection in this action or in any other federal or state proceeding. The inadvertent production of any document or other information, during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product, and no party or entity shall be held to have waived any rights by such inadvertent production.  In the case of inadvertent production, the receiving party, upon written request by the producing party or entity, shall (i) return the original and all copies of such documents within five (5) days of receiving the request, and

19      Case No.8:26-cv-01419FWS(KESx)
STIPULATED PROTECTIVE ORDER

MS
MANCINI SHENK

(ii) shall not use such information for any purpose until further order of the Court. Any analyses, memoranda, or notes which were internally generated based upon such information shall be destroyed.  Nothing herein will restrict the party from whom the return of the documents is requested from filing a motion with the Court contesting the designation of the material as privileged or protected by the work-product doctrine or from referring to the fact that the material had been produced; provided, however, the party filing the motion cannot contend any privilege has been waived by virtue of its inadvertent production and such party shall return and/or destroy the materials as set forth above.

## INCONSISTENT DESIGNATIONS

28.     Subject to the rights set forth in paragraph 27 herein, in the event a party produces two or more identical copies of a document, and any such copy is designated with a higher degree of confidentiality than any other copy, the parties shall treat all such identical documents in accordance with the highest restrictive designation on any copy once the inconsistent designation is known.

## FURTHER MOTIONS NOT PRECLUDED

29.     Entry of this Order shall be without prejudice to any motion for relief from the provisions hereof or to any motion for further restriction on the production, exchange, or use of any document or other information during this action; provided, however, that no such motion shall be made after the entry of a final judgment or settlement.

20     Case No.8:26-cv-01419FWS(KESx)

STIPULATED PROTECTIVE ORDER

MANCINI SHENK

## NO RESTRICTIONS ON ADMISSIBILITY OR USE

30.    Nothing herein shall impose any restriction on the use or disclosure by a producing party of its own documents or information, including the deposition testimony of its employees or experts.  Nor shall this Order be construed to prevent any party or its counsel or experts from making use as they see fit of documents or information which were lawfully available to the public or lawfully in the possession of the party, counsel, or expert prior to the producing party's providing them, or which properly came into the possession of the party, counsel, or expert independent of any work in this action.

## MOTION FOR MODIFICATION

31.    The Court may amend this Order.  This Order shall remain in force and effect until modified, superseded, or terminated by an order of the Court.

## ORDER APPLICABLE TO THIRD PARTIES

32.    This Order shall be fully applicable to materials produced by or depositions taken of third parties, and any third party from whom discovery is sought shall be entitled to designate materials and testimony produced as Confidential Discovery Material pursuant to the terms of this Order.

## CONTINUING JURISDICTION

33.    The Court shall retain Jurisdiction to enforce the terms of this Order for six months after entry of judgment, the conclusion of any appeal, or the effective date of any settlement of this action, whichever is latest.

21        Case No.8:26-cv-01419FWS(KESx)

STIPULATED PROTECTIVE ORDER

MS

MANCINI SHENK

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 1, 2026              Respectfully submitted,

MANCINI SHENK LLP
Michael V. Mancini
John W. Shenk
Peter J. Most

By: _____
              Peter J. Most

Attorneys for Defendant
WK-SYSTEMS, INC.

Dated: July 1, 2026              LAW OFFICE OF STEPHEN A. MADONI
Stephen A. Madoni

By:  /s/ *Stephen A. Madoni*
              Stephen A. Madoni

Attorneys for Plaintiff
BV TECHNOLOGIES, INC.

**IT IS SO ORDERED.**

Dated: _____July 6_____, 2026

_____
Hon. Karen E. Scott
United States Magistrate Judge, United States
District Court, Central District of California

22        Case No.8:26-cv-01419FWS(KESx)

STIPULATED PROTECTIVE ORDER

## ATTESTATION (L.R. 5-4.3.4)

Pursuant to Local Rule 5-4.3.4, I, the filer of this document, attest that all other signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized this filing.

Dated: July 1, 2026                    MANCINI SHENK LLP

By: _____
                      Peter J. Most

Attorneys for Defendant
WK-SYSTEMS, INC.



23    Case No.8:26-cv-01419FWS(KESx)
STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name],

hereby acknowledge and declare as follows:

1. My present residential address is

_____.

2. My present employer is _____, and the

address of my present employer is

_____.

3. My present occupation or job title is

_____.

4. I have received and read a copy of the Stipulated Protective Order (the

"Protective Order") entered in *BV Technologies, Inc. v. WK-Systems, Inc.*,

Case No. 8:26-cv-01419 FWS (KESx), pending in the United States District

Court for the Central District of California, and I understand its terms.

5. I agree to comply with and to be bound by all of the terms of the Protective

Order. I will hold in confidence, and will not disclose to anyone not qualified

to receive it under the Protective Order, any information or material

designated "Confidential" or "Confidential – Attorneys' Eyes Only" that is

disclosed to me, and I will use such information and material solely for

purposes of this action.

24          Case No.8:26-cv-01419FWS(KESx)

STIPULATED PROTECTIVE ORDER

6. I will maintain all such Confidential Discovery Materials — including all copies, excerpts, summaries, and materials derived therefrom — in a secure manner, and promptly upon the conclusion of this action, or upon the earlier request of the counsel who provided such materials to me, I will return or destroy all such materials in accordance with the Protective Order.

7. I hereby submit to the personal jurisdiction of the United States District Court for the Central District of California for the purpose of any proceeding to enforce the terms of the Protective Order, and I understand that any unauthorized disclosure or use of Confidential Discovery Materials may constitute contempt of court and may subject me to sanctions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  (*See* 28 U.S.C. § 1746.)

Executed on _____, at
_____ (city and state).


_____
Signature

Case No.8:26-cv-01419FWS(KESx)
STIPULATED PROTECTIVE ORDER

MANCINI SHENK